# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO BAC HOMES LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOAN SERVICING, LP; COUNTRYWIDE BANK FSB; AND FEDERAL NATIONAL MORTGAGE ASSOCIATION D/B/A FANNIE MAE A GOVERNMENT SPONSORED ENTITY,
Respondents.

No. 64468

FILED

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss in a quiet title and wrongful foreclosure action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant purchased the subject property at El Capitan Ranch Landscape Maintenance Association's foreclosure sale, conducted to enforce El Capitan Ranch's delinquent assessment lien. Thereafter, respondent Bank of America held a trustee's sale and the property was conveyed to respondent Fannie Mae. Appellant subsequently filed the underlying action against respondents, seeking to quiet title in appellant's name and a declaration that Bank of America's sale was invalid. The district court granted respondents' motion to dismiss, finding that appellant had failed to state a viable claim for relief because "[t]here is no

14-37589

section in Chapter 116 that states an HOA foreclosure can extinguish a senior deed of trust."

This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent Bank of America lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

cc: Hon. Douglas Smith, District Judge
Howard Kim & Associates
Akerman LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A